FILED

2012 JUN 21  P 12: 48

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BTG INTERNATIONAL LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID J. KAPPOS, ) <br> in his official capacity as Under Secretary of ) <br> Commerce for Intellectual Property and ) <br> Director of the United States Patent and ) <br> Trademark Office, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> 1: 12 CV 682 <br> AJT /IDD |

### COMPLAINT

Plaintiff, BTG International Ltd. ("BTG"), by its attorneys, for its Complaint against Defendant alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action by an applicant dissatisfied with a decision by the United States Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences (the "BPAI") in the prosecution of U.S. Patent Application No. 08/211,704 ("the '704 application"). Plaintiff seeks a judgment reversing the decision of the BPAI and confirming its rights to a United States patent for its invention, as provided for by 35 U.S.C. § 145.

### THE PARTIES

2. BTG is the assignee and owner of United States Patent Application No. 08/211,704, entitled "CDw52 SPECIFIC ANTIBODY FOR TREATMENT OF T-CELL

-1-

-2-

MEDIATED INFLAMMATION OF THE JOINTS" (hereinafter the " '704 application"), by a series of assignments beginning with the inventors Herman Waldman and Geoffrey Hale and culminating with BTG. BTG is a corporation organized and operating under the laws of the United Kingdom, having its principal place of business at 5 Fleet Place, London, EC4M 7RD, United Kingdom.

3. Defendant, the Honorable David J. Kappos, is the Under Secretary of Commerce for Intellectual Property and Director of the PTO, who in his official capacity as Director of the PTO (located in Alexandria, Virginia) is within the jurisdiction of this Court. Mr. Kappos is hereby sued in his official capacity as Director.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court pursuant to 35 U.S.C. § 145 and 28 U.S.C. §§ 1331, 1338(a), and 1391.

5. The BPAI decision was rendered on April 25, 2012. As such, this Complaint is being timely filed in accordance with 37 C.F.R. §§ 1.304(a), within two months of the Board's decision.

6. The BPAI decision was a final decision within the meaning of 37 C.F.R. § 41.2.

7. Plaintiffs have not appealed the decision of the BPAI at issue in this matter to the United States Court of Appeals for the Federal Circuit.

## FACTUAL BACKGROUND

8. The claims of the '704 application relate to the use of antibodies to CDw52 in the treatment of T-cell mediated inflammation of the joints. Prosecution of the '704 application on the merits before the PTO examiner ended with a final rejection mailed May 14, 2009. Plaintiffs

made a timely appeal to the BPAI, filing an Appeal Brief on November 13, 2009, under 35 U.S.C. § 134(a).

9. The BPAI held an Oral Hearing on this case on January 12, 2012.

10. In a Decision on Appeal dated January 26, 2012, the BPAI reversed all rejections except for one: A final rejection under 35 U.S.C. §103 for obviousness of all pending claims of the '704 application was affirmed.

11. On March 26, 2012, Plaintiff requested rehearing of the Decision on Appeal. On April 25, 2012, the BPAI mailed its Decision on Request for Rehearing, in which the BPAI reviewed its Decision on Appeal, but denied the Request with respect to making any changes in the outcome.

12. Plaintiff is dissatisfied with the BPAI decision and is filing this civil action pursuant to 35 U.S.C. § 145 to remedy that decision. Specifically, the decision of the BPAI affirming the PTO examiner's rejections of the claims of the '704 application under 35 U.S.C. §103 was in error, contrary to law, arbitrary, capricious, and an abuse of discretion. BTG is entitled to the rejected claims of the '704 application and to a patent containing such claims.

## SOLE COUNT

13. Paragraphs 1-12 are incorporated herein by reference.

14. The Examiner and the BPAI (a) failed to establish a *prima facie* case of obviousness, (b) failed to give proper consideration to evidence of record submitted by Applicants and demonstrating the unpredictable nature of the claimed methods, and (c) applied incorrect legal standards in ascertaining whether the claims of the '704 application were obvious in view of the cited references.

-4-

15. All of the pending claims of the '704 application are patentable, satisfy the applicable statutory and regulatory requirements, and are entitled to be issued in a patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the entry of judgment:

A.  Reversing the April 25, 2012, Decision on Request for Rehearing of the Board of Patent Appeals and Interferences;

B.  Declaring that BTG is entitled to receive a patent for the invention claimed in the '704 application and authorizing the Director to issue such patent in compliance with the requirements of law; and

C.  Granting such other and further relief as the nature of the case may admit or require and the Court shall deem just and equitable.

Dated: June 21, 2012

*Of Counsel for Plaintiff,*
*BTG International Ltd.:*
Anthony C. Tridico
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
anthony.tridico@finnegan.com

Carla A. Mouta
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
carla.mouta@finnegan.com

Respectfully submitted,
BTG INTERNATIONAL LTD.
By Counsel

_____
Corinne L. Miller (VSB No. 77081)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
Email: corinne.miller@finnegan.com

*Attorney for Plaintiff BTG International Ltd.*