**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

BTG INTERNATIONAL LTD.,

Plaintiff,

v.

DAVID J. KAPPOS,

Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

Defendant.

Civil Action No. 1:12-cv-682 (AJT/IDD)

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendant David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), through his undersigned counsel, answers the paragraphs of the complaint as follows:

## FIRST DEFENSE

The USPTO decisions at issue in this case were not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

## SECOND DEFENSE

Defendant reserves the right to raise any affirmative defense - including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) - that may be supported by the record subsequent to the close of discovery in the instant action.

**THIRD DEFENSE**

Defendant answers the allegations contained within the complaint's numbered paragraphs as follows:

1. The allegations contained within this paragraph constitute characterization of Plaintiff's complaint to which no response is required.

2. Defendant is without information sufficient to admit or deny the allegations contained within this paragraph.

3. Defendant admits the allegations contained within this paragraph only to the extent that David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. The remaining allegations contained within this paragraph constitute conclusions of law to which no response is required.

4. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

5. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. The remaining allegations contained within this paragraph constitute conclusions of law to which no response is required.

6. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

7. Admit.

8. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score

and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies the same.

9. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies the same.

10. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies the same

11. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies the same.

12. The allegations contained within this paragraph constitute Plaintiff's characterization of the complaint to which no response is required.

13. Defendant's responses to paragraphs 1-12 are incorporated herein by reference.

14. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

15. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

All allegations not expressly admitted or denied are denied.

WHEREFORE, Defendant, having fully answered all the allegations of the Complaint, requests that this Court dismiss Plaintiff's complaint or enter judgment in Defendant's favor.

DATE: August 20, 2012

Respectfully submitted,

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By: _____/s___________________

KEVIN MIKOLASHEK
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
Email: kevin.mikolashek@usdoj.gov

OF COUNSEL:

FARHEENA Y. RASHEED
FRANCES M. LYNCH
Associate Solicitors
United States Patent and Trademark Office

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 20th day of August 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following filing user(s):

Corinne Lee Miller
Finnegan Henderson Farabow Garrett & Dunner LLP (DC)
901 New York Ave NW
Washington, DC 20001-4413
corinne.miller@finnegan.com

/s/
Kevin J. Mikolashek
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams United States
Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3809
Fax: (703) 299-3983
Email: Kevin.Mikolashek@usdoj.gov